ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

JUN 22 PM 5:01

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

OLGA SANDRA MURRA
a/k/a "Olga Sandra Capon-Meneses" (01)

No. 4:16-CR-078-O
**(Supersedes Indictment returned on April 13, 2016)**

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this Indictment:

1. The defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, was born in El Paso, Texas, in 1952, and is a citizen of the United States. However, the defendant primarily lived in Mexico between 1952 and 1997. In approximately September 1997, the defendant and her immediate family moved to the United States. The defendant resided in El Paso for a couple of years, and then moved to the Fort Worth, Texas, area. In both El Paso and Fort Worth, the defendant operated a business which provided house cleaning services.

2. At the time the defendant and her family moved to the United States, she also brought several other individuals with her, including V.R., an adult female, approximately 33 years old. Additionally, on or about June 1, 1998, the defendant arranged for I.G., an adult female, approximately 21 years old, to be transported into the

United States. Both V.R. and I.G. are citizens of Mexico; they entered and/or remained in the United States in violation of immigration law.

3. From approximately June 1, 1998, until April 29, 2011, the defendant kept I.G. at the defendant's various residences in El Paso and Fort Worth. During this period, the defendant maintained possession of I.G.'s identification documents including I.G.'s birth certificate and school records from Mexico.

4. From October 28, 2000, until April 29, 2011, the defendant directed I.G. to work for the defendant's house-cleaning business. I.G. cleaned, on average, three or four homes a day. Additionally, I.G. cleaned the defendant's residence and prepared meals. The defendant did not pay I.G. for I.G.'s labor and services. I.G. was required to give all of the money she earned cleaning homes to the defendant.

5. In approximately 2001, the defendant provided I.G. with false identification documents and directed I.G. to work at McDonald's and Walmart, in addition to working for the defendant's house-cleaning business. I.G. worked at McDonald's for approximately one year in 2001 and at Walmart for approximately six months in 2003. I.G. was required to give the checks she received to the defendant, and was not permitted to keep any of the money that she earned.

6. The defendant represented herself to I.G. as the voice of God on earth, and caused I.G. to believe I.G. would go to hell if she did not obey the defendant. Approximately once or twice a week, the defendant required I.G. to attend religious instruction in the residence, during which the defendant preached for two to three hours. Additionally, the

defendant required I.G. to listen to religious recordings when she cleaned homes, which consisted of the defendant reading Bible verses and discussing their meaning.

7. While living with the defendant, I.G. generally slept on the floor of a bedroom. At times, the defendant restricted I.G.'s freedom within the house, requiring I.G. to ask for permission to go the bathroom, and prohibiting I.G. from talking with other individuals living at the residence. For punishment, the defendant restricted food to bread and water, and required I.G. to sleep in the garage, laundry room, and the backyard for days and longer. Also, the defendant slapped I.G. in the face and hit I.G. with a wooden spoon.

8. From approximately September 1, 1997, until October 26, 2006, the defendant kept V.R. at the defendant's various residences in El Paso and Fort Worth.

9. Between approximately 2002 and October 26, 2006, the defendant directed V.R. to work for the defendant's house-cleaning business. V.R. worked seven days a week. The defendant did not pay V.R. for V.R.'s labor and services. V.R. was required to give all of the money she earned cleaning homes to the defendant.

10. At times, the defendant restricted V.R.'s freedom within the house, requiring V.R. to ask for permission to speak to anyone else in the house or to go the bathroom. For punishment, the defendant deprived V.R. of food, and required V.R. to sleep in the garage without electricity or water.

11. The defendant told V.R. that if she did not obey, the defendant would contact immigration, and V.R. would be buried alive in a field with other illegal aliens. Additionally, the defendant represented herself to V.R. as the voice of God on earth, and

caused V.R. to believe V.R. would go to hell if she did not obey the defendant. The defendant required V.R. to listen to religious recordings when she cleaned homes, which consisted of the defendant reading Bible verses and discussing their meaning.

<u>Count One</u>
Forced Labor
(Violation of 18 U.S.C. § 1589(a))

12. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 7 of the Introduction as though set forth in full herein.

13. From on or about October 28, 2000, and continuing until on or about April 29, 2011, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, knowingly provided and obtained the labor and services of I.G. by means of a scheme, plan, and pattern intended to cause I.G. to believe that if she did not perform such labor and services, she would suffer serious harm and physical restraint.

In violation of 18 U.S.C. § 1589(a).

<u>Count Two</u>
Forced Labor
(Violation of 18 U.S.C. § 1589(a))

14. The Grand Jury realleges and incorporates by reference Paragraphs 1, 2, and 8 through 11 of the Introduction as though set forth in full herein.

15. Beginning in approximately 2002, and continuing until on or about October 26, 2006, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, knowingly provided and obtained the labor and services of V.R. by means of a scheme, plan, and pattern intended to cause V.R. to believe that if she did not perform such labor and services, she would suffer serious harm and physical restraint.

In violation of 18 U.S.C. § 1589(a).

Count Three
Harboring Illegal Alien
(Violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i))

16. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 7 of the Introduction as though set forth in full herein.

17. From on or about June 1, 1998, and continuing until on or about April 29, 2011, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, knowing and in reckless disregard of the fact that an alien, I.G., had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield said alien in her residence and elsewhere, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

Count Four
Harboring Illegal Alien
(Violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i))

18. The Grand Jury realleges and incorporates by reference Paragraphs 1, 2, and 8 through 11 of the Introduction as though set forth in full herein.

19. From on or about September 1, 1998, and continuing until on or about October 26, 2006, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, knowing and in reckless disregard of the fact that an alien, V.R., had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield said alien in her residence and elsewhere, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

<u>Forfeiture Notice</u>
18 U.S.C. § 1594(d); 18 U.S.C. § 982 (a)(6); 21 U.S.C. § 853(p)

Upon conviction of the offense alleged in Counts One or Two and pursuant to 18 U.S.C. § 1594(d), defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, shall forfeit to the United States any property, real or personal, that was used to commit or to facilitate the commission of the offense alleged in Counts One or Two; and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense alleged in Counts One or Two.

Upon conviction of the offense alleged in Counts Three or Four and pursuant to 18 U.S.C. § 982(a)(6), defendant, **Olga Sandra Murra,** also known as Olga Sandra Capon-Meneses, shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense alleged in Counts Three or Four; and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense alleged in Counts Three or Four, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense alleged in Counts Three or Four.

If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States,

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY

MICHELLE ALLEN-MCCOY
Special Assistant United States Attorney
Texas State Bar No. 24052252
Burnett Plaza Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, Texas 76102-6882
Telephone: 972-444-7528
Email: michelle.d.allen-mccoy@ice.dhs.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

THE UNITED STATES OF AMERICA

v.

OLGA SANDRA MURRA (01)
a/k/a "Olga Sandra Capon-Meneses"

---

SUPERSEDING INDICTMENT

18 U.S.C. § 1589(a)
Forced Labor

8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i)
Harboring Illegal Alien

18 U.S.C. § 1594(d); 18 U.S.C. § 982 (a)(6); 21 U.S.C. § 853(p)
Forfeiture Notice

4 Counts

---

A true bill rendered

DALLAS FOREPERSON

Filed in open court this 22nd day of June, 2016.

---

**No Warrant Needed – Pretrial Release**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending